## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SARAH RUMAGE WHALEN, ET AL.**         **CIVIL ACTION**

**VERSUS**         **NO. 19-9334**

**MONSANTO COMPANY**         **SECTION: "H"**

## ORDER

Before the Court is Defendant Monsanto Company's Motion to Strike Plaintiffs' Proposed Post-Hearing Brief (Doc. 90). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

Sarah Rumage Whalen, Joseph Paul Rumage, Jr., and William Simms Rumage ("Plaintiffs") filed a Proposed Post-Hearing Brief (the "Brief")[1] following the Oral Argument on Defendant Monsanto Company's Motion for Partial Summary Judgment. The Court denied leave to file the Brief, as it did not request additional briefing.[2] In the Brief, Plaintiffs cite to various exhibits produced by Defendant that are subject to a Protective and Confidentiality Order.[3] Now before the Court is Defendant's Motion to Strike Plaintiffs' Proposed Post-Hearing Brief. Plaintiffs oppose.

## LEGAL STANDARD

---

[1] Doc. 85.
[2] Doc. 88
[3] Doc. 57.

1

Federal Rule of Civil Procedure 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike under Rule 12(f) is a "drastic remedy" that should be used sparingly.[4] Thus, "even when technically appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[5] Whether to grant a motion to strike is committed to the trial court's sound discretion.[6] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[7]

## LAW AND ANALYSIS

Defendant argues that Plaintiffs' Brief must be stricken from the record to prevent prejudice.[8] In opposition, Plaintiffs argue that the Court should apply *Katz v. United States* to find that Defendant has not shown a reasonable and legitimate expectation of privacy for the documents.[9] They argue Defendant cannot meet this standard because the documents are publicly available elsewhere.[10]

The Court finds that there is good cause to strike the Brief, as it is immaterial and its continued existence in the public record prejudices Defendant. Plaintiffs repeatedly reference and quote excerpts from documents

---

[4] *See* Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962).

[5] Abene v. Jaybar, LLC, 802 F.Supp.2d 716, 723 (E.D. La. 2011) (internal quotation marks omitted); Diesel Specialists, LLC v. Mohawk Traveler M/V, Nos. 09–2843, 11–1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011).

[6] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12–2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).

[7] Guidry v. La. Lightning, LLC, No. 15-6714, 2016 WL 3127256, at *6 (E.D. La. June 3, 2016).

[8] Doc. 90.

[9] *Id.* at 1–2.

[10] *Id.* at 2.

that are subject to a Protective and Confidentiality Order.[11] Additionally, the Brief is immaterial since the Court granted Defendant's Motion for Partial Summary Judgment without considering it.[12] Furthermore, if Plaintiffs wished to challenge the confidentiality of the documents and whether they merit protection under the Court's order, the Protective and Confidentiality Order provided them a method to do so.[13] As such, the Court finds that Defendant has been prejudiced and the Brief must be stricken from the public record.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED.**

New Orleans, Louisiana this 29th day of June, 2023.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] Plaintiffs requested to file several exhibits under seal, apparently acknowledging that the documents were subject to a protective order. Doc. 85-1. Plaintiffs, however, used excerpts and quotations from these same documents in the Brief, which remains in the public record.
[12] The Court did not request additional briefing following Oral Argument. As such, it denied Plaintiff's Motion for Leave to File additional briefing. *See* Doc. 88
[13] *See* Doc. 57 ¶16 ("Any party or non-party may challenge confidentiality at any time," however "[t]o avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.").