UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SARAH RUMAGE
WHALEN ET AL.                                               CIVIL ACTION

VERSUS                                                       NO: 19-9334

MONSANTO COMPANY                                    SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant Monsanto Company's Motion for Summary Judgment on Plaintiffs' Remaining Claims (Doc. 124). For the following reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

This case arises out of injuries allegedly caused by Roundup, a commonly used herbicide. Defendant Monsanto Company has a plant in Luling, Louisiana that manufactures glyphosate, a chemical contained in Roundup products. Joseph P. Rumage, M.D. contracted with Defendant as an independent contractor at this plant to provide professional ophthalmological services to Defendant's employees. Dr. Rumage worked at Defendant's Luling plant for approximately twenty years and was also an avid gardener who used Roundup on a regular basis. Dr. Rumage was diagnosed with squamous cell carcinoma of the skin in November 2015 and passed away as a result in April 2018.

1

On April 12, 2019, his children, Sarah Rumage Whalen, Joseph Paul Rumage, Jr., and William Simms Rumage ("Plaintiffs") filed this survival and wrongful death action, alleging that Dr. Rumage's exposure to and use of Roundup caused the skin cancer that ultimately led to his death. Plaintiffs bring the following claims: dangerous design under the Louisiana Products Liability Act ("the LPLA"); failure to warn under the LPLA; breach of implied and express warranty under the LPLA; negligence; redhibition and toxic substances negligence.[1] Plaintiffs also request punitive damages.

On Defendant's Motion for Partial Summary Judgment, this Court previously dismissed Plaintiffs' claims for survival, redhibition, and punitive damages.[2] On January 16, 2024, the Court granted Defendant's Motion to Exclude the Opinions and Testimony of Dr. Scott Boniol and Defendant's Motion to Strike Plaintiff's Affidavit of General Causation from Dr. Raymond Clay Gould.[3] Now before the Court is Defendant's Motion for Summary Judgment on Plaintiffs' remaining wrongful death claims. Plaintiffs oppose.[4]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[6] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is

---

[1] Doc. 1.
[2] Doc. 92.
[3] *See* Docs. 178 & 183.
[4] Doc. 145.
[5] FED. R. CIV. P. 56.
[6] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[8] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[9] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[10]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[11] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[13]

---

[7] *Id.* at 248.
[8] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[9] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[10] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[11] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[12] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[13] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

Plaintiff's remaining wrongful death action includes Louisiana Products Liability Act, negligence, and toxic substances negligence claims. Each of these claims require that a plaintiff prove causation.[14] "The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation."[15] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[16] "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."[17] In such exposure cases, however, a plaintiff "cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to establish causation."[18]

In this Court's Order signed January 16, 2024, this Court excluded the opinions and report of Dr. Scott Boniol, Plaintiffs' sole expert on general and

---

[14] *See* Atkins v. Ferro Corp., 534 F. Supp. 2d 662, 666 (M.D. La. 2008), *aff'd* 314 F. App'x 662, 663 (5th Cir. 2009) ("A tort action in Louisiana requires a plaintiff to demonstrate by a preponderance of the evidence that his injury was caused by the fault of the defendant."); Quick v. Murphy Oil Co., 643 So. 2d 1291, 1295 (La. Ct. App. 4th Cir. 1994) (citing Dixie Drive It Yourself Sys. v. Am. Beverage Co., 137 So. 2d 298 (La. 1962); Weber v. Fidelity & Cas. Ins. Co. of N.Y., 250 So. 2d 754 (La. 1971); Charles v. Bill Watson Hyundai, Inc., 559 So. 2d 872 (La. Ct. App. 4th Cir. 1990)) ("The first element of proof under either negligence or products liability is causation.").

[15] Leverette v. BP Expl. & Prod., Inc., Nos. 17-3324, 17-4449, 2022 WL 13928367, at *1 (E.D. La. Oct. 4, 2022) (citing Knight v. Kirby Inland Marine, Inc., 482 F.3d 347, 351 (5th Cir. 2007)).

[16] *Knight*, 482 F.3d at 351 (quoting Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 714 (Tex. 1997)) (internal quotation marks omitted).

[17] Allen v. Pa. Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1994).

[18] Seaman v. Seacor Marine L.L.C., 326 F. App'x 721, 729 (5th Cir. 2009) (citing *Allen*, 102 F.3d at 199; *Atkins*, 534 F. Supp. 2d at 666; Templet v. HydroChem Inc., 367 F.3d 473, 484 n.15 (5th Cir. 2004 (Dennis, J., dissenting); Wills v. Amerada Hess Corp., 379 F.3d 32, 50 (2d Cir. 2004)).

4

specific causation in this case. This Court also granted Defendant's Motion to Strike the Affidavit of General Causation from Dr. Raymond Clay Gould. As a result, Plaintiffs are left without admissible expert evidence and cannot prove causation.[19] Accordingly, Defendant has demonstrated that no issue of material fact remains for trial as to the causation of Plaintiffs' claims.[20]

Plaintiffs' opposition memorandum asserts that the following issues of material fact remain for trial: (1) toxicity and presence of arsenic in Roundup, (2) whether Defendant knowingly waived products containing a Class One Carcinogen into the stream of commerce without notifying authorities, and (3) whether Roundup branded products deviated from the manufacturer's specifications. Even assuming these issues remain, Plaintiffs have failed to offer any competent summary judgment evidence on the element of causation—the "first element of proof under either negligence or products liability."[21]

As alternative evidence of Dr. Rumage's exposure, relating to specific causation, Plaintiffs offer (1) an internal Monsanto email explaining that arsenic exposure during plant operations "is limited (100 parts per million or less) in phosphorous, glyphosate intermediate, and glyphosate itself," and (2) an internal briefing document sent to Monsanto Leadership Team and Mine and Plant Managers, stating that phosphate ore historically contained arsenic levels in the range of 25-50 parts per million, but current levels are in the range of 40-80 parts per million.[22] Without admissible expert evidence to put these internal documents in context, however, this evidence fails to demonstrate that

---

[19] *See id.* (citing *Allen*, 102 F.3d at 199).
[20] *See id.* (citing *Allen*, 102 F.3d at 199).
[21] *Quick*, 643 So. 2d at 1295) (citing *Dixie Drive It Yourself Sys.*, 137 So. 2d 298; *Weber*, 250 So. 2d 754; *Charles*, 559 So. 2d 872).
[22] Doc. 145 at 17. *See also* Doc. 145-8 at 2; Doc. 145-9 at 3.

Dr. Rumage was exposed to the alleged harmful level of arsenic or Roundup.[23] Moreover, Plaintiffs fail to present any competent summary judgment evidence establishing general causation.[24] Accordingly, Plaintiffs have failed to "make a showing sufficient to establish the existence of an element essential to [their] case,"[25] and summary judgment is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. **IT IS ORDERED** that oral argument on Defendant's Motion presently set for January 25, 2024 is **CANCELED**. All of Plaintiffs' remaining claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 24th day of January, 2024.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[23] *See id.*
[24] *See, e.g.*, Doc. 145 at 3 (concluding that Dr. Boniol "clearly established general causation").
[25] *Celotex Corp.*, 477 U.S. at 322.